THE EXCHANGE NATIONAL BANK OF POLO

*v.*

ALBERT DARROW, Admr.

*Filed at Ottawa October 29, 1894.*

1. INSTRUCTIONS—*though loosely worded, will not necessarily reverse.* Loose phrasing of instructions is not cause for reversal, where, when taken in connection with the other instructions, their meaning is fully explained, and they could not possibly have misled the jury.

2. TRIAL—*mere presence of a judge, and his consultation with counsel, will not reverse.* The presence of one of the judges for the circuit at the trial of a case, and his consultation with counsel for one of the parties, is not cause for reversal, where it does not appear that the jury were misled or influenced by his presence.

*Exchange National Bank* v. *Darrow*, 45 Ill. App. 466, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; 'the Hon. John D. Crabtree, Judge, presiding.

M. D. Swift, William Barge, and Burton F. Peek, for appellant.

J. M. Hunter, and H. C. Ward, for appellee.

Baker, J.: The Exchange National Bank of Polo, Illinois, appellant herein, filed its claim in the county court of Carroll county, at the March term, 1891, against the estate of James H. Jenkins, deceased. Said claim was in the form of a promissory note for $1660, payable to Henry Metz, dated November 10, 1887, due in twelve months from date, and drawing interest at the rate of eight per cent per annum. The note purported to have been signed by James H. Jenkins, and had been endorsed by the payee, Metz, to appellant. Appellee, the administrator of the estate of said Jenkins, deceased, resisted the allowance of the claim on the ground that it was not the note of Jenkins, the purported maker. A trial by jury resulted in a verdict and judgment in favor of appellant for the full amount of the note and accrued interest. From that judgment the administrator appealed to the circuit court, where the cause was twice tried. On the first trial the jury failed to agree. The second trial resulted in a verdict for the defense, and judgment was rendered against the bank for costs. From that judgment appellant appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and from the judgment of the Appellate Court prosecutes this further appeal.

On the trial in the circuit court two grounds of defense were set up. The one was, that the signature of Jenkins, the deceased, to the note was not genuine and was not in his handwriting; and the other was, that the note had

been raised from the sum of $60 to that of $1660, and that the date had been changed. The jury, by their verdict, found the facts for appellee, which have been conclusively settled against appellant by the judgment of affirmance in the Appellate Court.

It is contended that the trial court erred in giving instructions numbered 1, 2, 4 and 6, in behalf of appellee. While those instructions were perhaps a little loosely phrased, still, when taken in connection with the other instructions given by the court to the jury, their meaning was fully explained, so that they could not possibly have misled the jury, and could not, therefore, have prejudiced the rights of appellant. We think the jury were properly instructed as to the law of the case.

Appellant's objection that Judge Shaw, one of the judges for that circuit, was present at the trial, and often consulted, during the trial, with counsel for appellee, has not, in our judgment, much force. There is no evidence that the jury were in any way misled or influenced by his presence, and without his having said or done something to influence the jury no presumption can be indulged that his presence had that effect.

Appellant also assigns for error that the trial court admitted improper evidence in behalf of appellee, and refused to admit proper evidence in its behalf. We have carefully considered this objection, and are of the opinion that it is without merit. The rulings of the court in this respect were substantially correct.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*