THE EXCHANGE NATIONAL BANK OF POLO

*v.*

ALBERT DARROW, Admr.

*Opinion filed December 21, 1898.*

1. NEW TRIAL—*when equity cannot grant prayer of bill for new trial in suit tried at law.* Equity will not grant the prayer of a bill alleging newly discovered evidence as ground for a new trial in a suit tried at law, where the complainant has been guilty of *laches*, or might have secured the evidence before the trial by reasonable diligence.

2. SAME—*delay of three years in filing bill for new trial is laches.* An unexcused delay of three years after the affirmance by the Supreme Court of a judgment against the plaintiff in a suit at law on a promissory note, and of eight or nine months after securing affidavits of admissions of liability by the maker of the note made before the suit, is such *laches* by complainant as bars relief under a bill in equity setting up the affidavits as ground for a new trial.

3. SAME—*due diligence is essential to give value to newly discovered evidence.* Affidavits of admissions of liability on a promissory note by the maker before his death, obtained several years after the affirmance of a judgment in favor of the maker's administrator in a suit on such note, the defense being forgery, are not ground for a new trial as newly discovered evidence, in the absence of any attempt to excuse the plaintiff's failure to use due diligence before the trial, by making inquiries as to admissions of liability.

*Exchange Nat. Bank* v. *Darrow,* 74 Ill. App. 170, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. JOHN C. GARVER, Judge, presiding.

WILLIAM D. BARGE, for appellant:

It cannot be objected to granting a new trial on the ground of newly discovered evidence that such evidence is cumulative, if it is of a different kind or character from that adduced on the trial. *Fletcher* v. *People*, 117 Ill. 184; Wharton's Crim. Pl. & Pr. (8th ed.) sec. 870.

The admission of a party is not evidence of the same kind as the testimony of other witnesses, and is not cumulative, although relating to the same controverted fact. *Wayt* v. *Railroad Co.* 45 Iowa, 217.

Evidence is not cumulative merely because former evidence may have indirectly tended to establish the same fact. *Wolf* v. *Mahan*, 57 Tex. 171.

If the newly discovered evidence does not relate to a fact as to which the moving party gave evidence on the trial, evidence of such new facts cannot be said to be cumulative, within the meaning of the rule. *Parshall* v. *Klinck*, 43 Barb. 203; *Powell* v. *Jones*, 42 id. 24.

Where the evidence tends to establish a new fact which was not before in the case, it is not cumulative. *Gardner* v. *Mitchell*, 6 Pick. 116.

Though the evidence tends to establish an issue controverted on the trial, yet if it introduces a new fact it is not cumulative. *German* v. *Bank*, 38 Iowa, 368.

J. M. HUNTER, for appellee:

A demurrer admits only such facts as are well pleaded, and all intendments are to be taken most strongly against the pleader. *Sterling Gas Co.* v. *Higby*, 134 Ill. 557; *Lawrence* v. *Traner*, 136 id. 474.

After judgment at law, equity will not interfere; nor can a court of equity interpose to set aside a judgment at law upon newly discovered evidence, even where there is a meritorious defense, if the party applying has been guilty of *laches*, or has not acted in good faith and with proper diligence. *Harding* v. *Hawkins*, 141 Ill. 572; *Carney* v. *Marseilles*, 136 id. 401; *Insurance Co.* v. *Scammon*, 133 id.

627; *Carr* v. *Trainor,* 36 Ill. App. 587; *Insurance Co.* v. *Perry,* 45 id. 197.

Equity will refuse its aid to stale demands where the party has slept upon his rights, and where conscience, good faith and reasonable diligence are wanting. 1 Pomeroy's Eq. Jur. sec. 419.

Per CURIAM: In deciding this case, the Appellate Court, speaking through Mr. Justice WRIGHT, delivered an opinion which, with the exception of a few omissions, is as follows:

"Appellant filed its bill in equity seeking a new trial in a case tried at law, against appellee, wherein the issues were found against appellant and final judgment rendered in bar of its action upon a promissory note for $1660, bearing date November 10, 1887, alleged to have been made by James H. Jenkins in his lifetime, payable to the order of Henry Metz, due in one year after date, with eight per cent interest, which the payee indorsed and delivered to appellant. Jenkins died in September, 1888. Appellee was appointed administrator, and after a contested trial in the county court, judgment was rendered in favor of appellant upon the note, from which an appeal was taken by the administrator to the circuit court, where after two trials, the second being in June, 1891, the jury found the issues against appellant, and upon that verdict final judgment was rendered, from which an appeal was taken to this court, where the judgment of the circuit court was affirmed, and an appeal having been presented to the Supreme Court, resulted in an affirmance of the judgment of the Appellate Court. See 45 Ill. App. 466, and 154 Ill. 107.

"The defense to the note sued on was, that it was not the note of Jenkins, that the signature thereto was a forgery, and that another note previously given by Jenkins to Metz for $60 had been fraudulently changed in date and amount to correspond with the note in suit, the

contention of appellant being that the note was genuine, and given to Metz for the actual consideration of $1660 on money lent by him to Jenkins on the date of the note. There was much conflict of evidence at the trial of the issues at law concerning the signature and as to the lending of the money and execution of the note, and it is now claimed by appellant in its bill filed herein, that it is entitled to a decree awarding it a new trial of the issues at law on the ground of newly discovered evidence, which it contends is not cumulative merely, and also conclusive in its nature. The newly discovered evidence is presented by the bill in the form of affidavits of the proposed witnesses, who, it is alleged, would testify to the facts therein stated. A demurrer was interposed to the bill and by the court sustained, and the bill dismissed for want of equity, from which appellant appeals to this court.

"Much of the newly discovered evidence set out in the bill of complaint consists of the statements and admissions of the deceased, Jenkins, in his lifetime; that at the time in question, the date of the note, he had borrowed $1660, or a large sum of money, from Metz, the payee of the note, and that he, Jenkins, after such time was making preparations to pay the same.   *   *   *

"In cases like the one presented, in which courts of equity are invoked to interpose, after verdict at law, on the ground of newly discovered evidence after trial, which could not by ordinary diligence have been ascertained before, the rules have always been strict, almost to harshness. In Story's Eq. Jur. (vol. 2, secs. 894 and 896,) the doctrine is discussed and the authorities cited upon this subject, and it is there stated that relief will not be granted if the party applying has been guilty of *laches* as to the matter of defense or claim, or might by reasonable diligence have procured the required proofs before the trial. The general reasoning upon which the doctrine is maintained is the common maxim that courts of equity, like the courts of law, require due and rea-

sonable diligence from all parties in suits, and that it is
sound policy to suppress multiplicity of suits.   'It is not
sufficient to show that injustice has been done, but that
it has been done under circumstances which authorize the
court to interfere, because, if a matter has been already
investigated in a court of justice according to the com-
mon and ordinary rules of investigation, a court of equity
cannot take on itself to enter into it again.   Rules are
established, some by the legislature, some by the courts
themselves, for the purpose of putting an end to litiga-
tion, and it is more important that an end should be put
to litigation than that justice should be done in every
case.   The truth is, that, owing to the inattention of par-
ties, and several other causes, exact justice can seldom
be done.   The inattention of parties in a court of law can
scarcely be made a subject for the interference of a court
of equity.   *   *   *   A bill for a new trial is watched by
equity with extreme jealousy.'   *   *   *

"From the reference to the text of the rules governing
cases like this, and which we regard as elementary and
well established, it was the duty of the appellant, as
soon as it knew the note would be contested, to use ordi-
nary diligence to discover all the evidence pertinent to
the issues to be tried.   It should have inquired, by specific
interrogation of the persons with whom Jenkins associ-
ated and did business, whether they had ever heard him
make any statements or admissions concerning the note
in question, and conceding the borrowing of money of
Metz, and its re-payment.   We have searched the bill in
vain to find averments of specific acts of diligence of this
nature, and that would tend to elicit the particular infor-
mation said to have been obtained at a later time.   *   *   *

"No rule of pleading is more elementary than that the
pleading is to be most strongly construed against the
pleader.   Applying this rule to the averments of the bill,
and admitting their truth, as does the demurrer, still,
by no fair intendment can it be inferred that appellant

made any inquiry concerning any statement or admission of Jenkins regarding his giving the note to or borrowing the money of Metz, that being the particular evidence now sought by the bill to be introduced as controlling the issue at law.

"Due diligence also required the appellant to have promptly filed its bill after discovering the new evidence, and also to prosecute diligently its search for such evidence in contemplation of presenting such bill. We are forced to the conclusion it was negligent in failing to file its bill for relief more promptly. The averment of the bill is that appellant did not know of the new evidence until after the judgment was affirmed in this court. Again applying the rule of pleading before mentioned to this statement, it would follow appellant knew of it immediately after December 12, 1892, the day of such affirmance. The bill in the case was not filed until March 2, 1896, being a delay of more than three years. The affidavits of the proposed witnesses were made from eight to nine months before the bill was filed, and no excuse is made by the bill for this delay nor for the delay in obtaining such affidavits. We cannot, by the strict rules of equity governing cases of this nature, excuse such delays and thereby relieve appellant from the consequences of its own *laches*.

"We are therefore of the opinion the *laches* of appellant has been such, in the particulars designated, as to bar the relief for which by its bill it has prayed, and if injustice has been done it must be attributed to its own inattention.

"The demurrer was properly sustained and the bill dismissed for want of equity, and the decree of the circuit court will therefore be affirmed."

We concur with the conclusion reached by the Appellate Court, and with the views above expressed, which are hereby adopted as the opinion of this court. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*