### John Wieczorek v. Antonina Adamski, et al.

#### Gen. No. 11,126.

1. ANSWER—*when withdrawal of, proper.* After the Appellate Court has held that a bill of complaint does not make out a case and reverses and remands a cause, it is proper for the trial court to permit the defendant in such a case to withdraw his answer and file a demurrer.

2. RECORD—*effect of, when made pursuant to præcipe.* Where the ruling of the chancellor complain d of was based upon affidavits and the transcript of the record is made pursuant to præcipe and does not certify that it contains all the affidavits filed upon the hearing resulting

in such ruling, a presumption will be indulged that there were other affidavits presented to the court which justified its ruling.

3. DEMURRER—*right to file, notwithstanding rule to answer.'* Notwithstanding a defendant may be ruled to answer, he has a right to interpose a demurrer.

4. BILL OF REVIEW—*what newly discovered evidence essential to sustain.* In order to sustain a bill of review upon the ground of newly discovered evidence, it must appear that such evidence is material and of such a character as will produce a different result on the merits on another trial and that it is not merely of a cumulative or impeaching nature.

5. BILL OF REVIEW—*when newly discovered evidence will not sustain.* Unless it appears that the complainant could not, by the exercise of reasonable diligence, have discovered the alleged new evidence before the entry of the original decree, a bill of review based upon such evidence will not lie.

6. BILL OF REVIEW—*when, barred by lapse of time.* A bill of review must, ordinarily, be filed within the statutory time allowed for the suing out of a writ of error.

7. LACHES—*what constitutes.* Ten years of unexplained inaction in failing to interpose a bill of review constitutes laches.

8. STATUTE OF LIMITATIONS—*when, may be availed of, in equity.* In equity, the Statute of Limitations may be availed of on demurrer to a bill where the bar appears on its face, unless an equitable excuse is alleged in the bill to avoid such bar.

Bill of review. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed May 17, 1904.

**Statement by the Court.** This is an appeal from a decree sustaining a demurrer to and dismissing for want of equity a bill of review alleging fraud in the original proceeding and also newly discovered evidence.

In August, 1890, appellant filed his bill of complaint against Frank Adamski, the deceased husband of appellee, Antonina Adamski, in the Superior Court of this county, to obtain relief by having a warranty deed executed by himself and others to said Frank Adamski declared to be in effect a mortgage given to secure a debt. On June 2, 1891, after a hearing upon the bill, answer and replication a decree was entered dismissing the bill for want of equity.

On February 18, 1892, appellant filed the bill now in question in which he alleged that he had discovered that

certain witnesses who had testified upon the hearing in the original cause, had committed perjury and that their testimony was false, and praying to have the decree of June 2, 1891, set aside and a new hearing of the cause ordered. September 16, 1895, a decree was entered in this cause vacating the decree of June 2, 1891, and granting a rehearing on the original bill.

On October 23, 1895, a bill supplemental to the bill of review was filed alleging that the premises in question had been transferred to one Lobe and certain buildings thereon removed and praying for an accounting. To the supplemental bill answers were duly filed. On February 18, 1896, a decree was entered finding the material allegations in the original and supplemental bill to be true and granting the relief prayed for therein. This decree was reversed by the Appellate Court in Adamski v. Wieczorek, 93 Ill. App. 357. Upon remandment of the cause the answer to the bill was withdrawn by leave of court and a demurrer filed which was sustained in accordance with the ruling of the Appellate Court (Adamski v. Wieczorek, *supra*), that a bill of review on the ground of fraud does not lie where the fraud consists in the giving of perjured testimony upon the original hearing. Afterwards, on June 20, 1901, appellant amended his bill by alleging newly discovered evidence in this, that soon after the execution of the deed sought to be declared a mortgage, Frank Adamski, the grantee therein, stated to various parties (naming them) that appellant and his wife did not know what the document was which they signed and that if they had known they would not have signed it; that said Adamski solicited one Wesolowski to commit perjury at the original hearing and told him that he would explain to him just what he would have to swear to in court. In said amendment it was further alleged that appellant did not know of or suspect the existence of this evidence until after the term at which the original decree was entered, and that he had no reason to know or suspect that such admissions had been made by said Adamski. The defendants were then ordered to " answer said bill in fif-

teen days," but instead of doing so they demurred. After-
wards, appellant moved the court to vacate the order
allowing the defendants to withdraw their answer and file
a demurrer and to strike from the files the demurrer to the
amended bill and in support of said motion filed the affida-
vits of F. W. Proudfoot and A. C. Anderson to the effect
that at the hearing of the bill of review in 1896 the solicitor
for Frank Adamski stated in open court that he was willing
to and did admit that the deed in question was and was in-
tended to be a mortgage only, and desired a reference to a
master for the purpose of an accounting between the parties;
that because of said admission appellant offered no testimony
at said hearing and a reference was had to a master and
some proof taken with reference to an accounting.

On December 26, 1902, the decree appealed from was
entered, in which appellant's foregoing motion was denied,
the demurrer to the amended bill of review sustained and
the bill dismissed for want of equity.

BEACH & BEACH, for appellant.

McArdle & McArdle, for appellee Antonina Adamski.

Mr. Justice Stein delivered the opinion of the court.

First.   We find no error in the refusal of the court to
grant appellant's motion.   The bill of review as first drawn
relied only upon fraud in the committing of perjury at the
hearing of the original bill; and after the Appellate Court
had ruled that the bill of review was devoid of merit it was
entirely proper, after the cause had been remanded, for the
court to permit the withdrawal of the answer and the filing
of a demurrer.   In fact, taking into consideration the rul-
ing of the Appellate Court, it is difficult to see how the
chancellor could have done anything else.   Nor is this con-
clusion affected by the showing of the affidavits that at the
hearing which ripened into the decree that was afterwards
reversed, the defendants admitted the deed to be a mort-
gage.   The admission was for the purposes of that hearing
only, and had in it no elements of estoppel.   Moreover, the

clerk of the Superior Court certifies to the record before us " as per præcipe on file herein," and the præcipe directs the clerk to insert the affidavits of Proudfoot and Anderson. In this condition of the record we will, if necessary, further presume in favor of the regularity of the court's proceeding that there were other affidavits not set forth in the record that justified its action.

The defendants, although ordered to answer the amended bill, demurred thereto. In Bracken v. Kennedy, 3 Scam. 558, the court say (p. 564) : " The third error questions the right of the defendant to file a demurrer when he was under a rule to answer. This he had a right to do. The filing either of an answer, plea or demurrer was in compliance with the rule." Dunn v. Keegan, 3 Scam. 292. Appellant's motion was addressed to the discretion of the court. That the discretion was correctly exercised is apparent when it is considered that if a default decree had been entered for the failure of defendants to comply with the rule to answer, such decree would upon appeal or writ of error have been reversed (as will hereafter be shown) for want of equity, in the amended bill.

Second. The amended bill of review is bad upon its face, and the demurrer to it was properly sustained for a number of reasons :

(a) The present bill differs from the one held insufficient by the Appellate Court only in this, that it now contains the additional allegations of newly discovered evidence. In other words, the court is asked to open and set aside its former decree and grant a rehearing on that sole ground of newly discovered evidence. Before such relief will be granted it must appear that the new evidence is material and of such a character as will produce a different result on the merits on another trial, and that it is not merely of a cumulative or impeaching character. Lewis v. Topsico, 201 Ill. 320; Elzas v. Elzas, 183 Ill. 132. None of these requirements is met by the bill. It sets out the original bill, but not the answer (simply saying that on a certain day Frank Adamski " filed his answer"), and

therefore renders it impossible to say what the issues were upon which the case was heard by the court. The issues not being shown and it not appearing that there were any findings of fact in the original decree, it cannot be determined whether the new evidence is material. *Non constat* but that the answer denied the execution of the deed; and in such case Adamski's alleged admissions that appellant and his wife did not know what they were signing would have been wholly immaterial. Again, while in the case of a bill of review for error of law it is not necessary to set forth the evidence heard upon the hearing of the original bill, it is necessary to do so where the bill proceeds upon the ground of newly discovered evidence; otherwise it cannot be determined whether the latter be material, or will produce a different result and be not merely cumulative.

(b) It does not appear that appellant could not, by the exercise of reasonable diligence, have discovered the new evidence before the entry of the original decree. Lewis v. Topsico, *supra*. No showing whatever is made in that behalf. All that appears is that appellant did not know or suspect of its existence until after the term at which the decree was entered. Why he did not know or suspect, how or when he came to know of the new evidence, and what he did in that direction, upon all those and kindred matters, the bill of review is silent.

(c) As has been shown, the bill in its aspect of being a bill of review for newly discovered evidence is essentially a new one and must be regarded as having been filed when the amendment introducing the new matter was made. That was done June 20, 1901, a little more than ten years after the entry of the original decree. " It is a general rule that a bill of review will not be entertained unless brought within the time allowed by the statute for the suing out of a writ of error." Sloan v. Sloan, 102 Ill. 581; Bell v. Johnson, 111 Ill. 374; Allison v. Drake, 145 Ill. 500. In equity the Statute of Limitations may be availed of on demurrer to a bill where the bar appears on its face, unless an equitable excuse is allege 1 in the bill to avoid the bar. Bell v. Johnson, *supra*. Here no excuse is alleged.

Wieczorek v. Adamski.

(d)  Appellant was guilty of laches in allowing ten years and over to pass by before setting up the newly discovered evidence.  When he discovered it, is not shown.  Consistently with the allegations of the bill, he may have discovered it immediately after the term during which the original decree was entered, that is to say, ten years before he amended his bill.  In Exchange National Bank v. Darrow, 177 Ill. 362, an unexcused delay of three years was held to be such laches as would bar relief under a bill of review for newly discovered evidence.  While as a general rule the defense of laches must be made by plea or answer, yet such rule does not apply when the bill already states the causes of and excuses for delay.  Coryell v. Klehm, 157 Ill. 462. And in Exchange National Bank v. Darrow, *supra*, the Supreme Court seem to have gone a step further and to have held that the question of laches may be raised by demurrer even where the excuses for the delay are not stated in the bill.  So far as appears from the report of that case, such excuses were no more alleged there than here; that is, not at all.  Previously, in Kerfoot v. Billings, 160 Ill. 563, where this question underwent a thorough examination at the hands of the Supreme Court, it had expressly held (p. 573) " that where a bill shows laches upon its face and fails to set forth any excuse for an earlier prosecution of the suit, the defense of laches on the part of the complainant may be set up under demurrer either general or special." And see Lloyd v. Kirkwood, 112 Ill. 329.

The decree dismissing the bill of review for want of equity is affirmed.

*Affirmed.*