# Green H. Jones

*v.*

# The People of the State of Illinois.

1. Exceptions—*when necessary.* The refusal of the court below to quash the affidavit and writ issued thereon, in a proceeding for bastardy, because the complaint was made by a person other than the mother, can not be assigned as error, unless exception was taken to the ruling.

2. Bastardy—*who may make the complaint.* It seems, under our statute concerning bastardy, no person except the mother can make the complaint.

3. Same—*mode of making complaint.* The complaint in a proceeding for bastardy need not be in writing.

4. Arrest of judgment—*what objections available.* A motion in arrest of judgment is never proper or allowable, except for some intrinsic defect in the record.

5. So where a motion was made in the court below, in a bastardy proceeding, to quash the affidavit and writ issued thereon, on the alleged ground that the complaint was made by a person other than the mother, which the court overruled, but no exception was taken thereto, nor anything in the record showing by whom the complaint was made, and the trial resulted adversely to the defendant: *Held,* the objection, which was the ground of the motion to quash, could not be availed of on a motion in arrest of judgment.

Writ of Error to the Circuit Court of Alexander county; the Hon. David J. Baker, Judge, presiding.

This was a prosecution for bastardy, against Green H. Jones. The defendant entered his motion in the court below, to quash the affidavit and writ issued thereon, on the alleged ground that the complaint was made by a person other than the mother of the bastard child. The court overruled the motion, but no exception was taken thereto.

A trial resulted in a verdict and judgment against the defendant, who thereupon sued out this writ of error.

Mr. D. T. Linegar, for the plaintiff in error.

Messrs. Allen, Webb & Butler, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The objections raised on this record are three-fold; first, that the circuit court should have quashed the affidavit on which the warrant issued, and, second, a new trial should have been awarded, the verdict being against the weight of evidence, and last, that the judgment should have been arrested.

As to the first point, it is sufficient to say, no exception was taken to the opinion of the court refusing to quash the affidavit and writ, and they are not, therefore, before us for examination. Had the point been preserved, and had it been made to appear in legal form that the complaint was made by a person other than the mother of the child, we should have been obliged to decide, that such complaint was not in conformity to the statute. That provides, when any unmarried woman, who shall be pregnant, or delivered of a child, which, by law, would be deemed a bastard, shall make complaint to any one or more justices of the peace, of the county where she may be so pregnant or delivered, and shall accuse, under oath or affirmation, any person with being the father of such child, it shall be the duty of such justice to issue a warrant, directed to the sheriff or any constable of such county, against the person so accused, and cause him forthwith to be brought before him. R. S. 85.

It is very apparent, from this section, the mother, and she only, can make complaint. She alone can accuse—she alone is to be heard to complain. There being no obligation upon the justice of the peace to hear an accusation from any other person, should he hear and act upon it, he would act in a case in which he had not acquired jurisdiction. There may be cases where the mother of an illegitimate child may dread exposure —she may not wish to make public her shame, but if any person can make the complaint, she might be exposed by some malicious person making a complaint. We can not think public policy demands such a construction of this act, and we are not disposed to give it such.

On the point that the court erred in refusing to arrest the judgment, it will be remembered that such a motion is never

proper or allowable, except for some intrinsic defect in the record. In this case, there is no record of any complaint, for that required by the statute need not be in writing. There was nothing before the court to which this motion could attach. For aught that appears to this court, the mother made the complaint, and the defendant voluntarily put himself on trial upon that complaint, before a jury, who found him guilty.

On the point that a new trial should have been awarded, on the ground that the verdict is against the weight of evidence, we have to say, we have examined all the testimony in the record, and are satisfied it greatly preponderates in favor of the defendant.

Though the mother of a child is most likely to know who its father is—by whom it was begotten—yet she may not always state the truth. In this case, the putative father testifies he never had sexual intercourse with the complainant, and that he is not the father of the child ; and other witnesses, who were not impeached, and who seem to be of unquestioned credibility, testify to facts contradictory of those stated by her, and while she is not corroborated in any important particular by any witness, we think the verdict should have been for the defendant. The case should go to another jury, and that it may, this judgment is reversed and the cause remanded.

*Judgment reversed.*