## SAMPLE *v.* THE STATE, EX REL. BROOKS.

BASTARDY.—*Complaint Sworn to Before Notary Public.*—The complaint in a bastardy proceeding may be sworn to before a notary public.

SAME.—*Evidence.—Alibi.*—Where, on the trial of a bastardy proceeding, the relatrix testified positively that the child was begotten by the defend-

ant on a certain night, at a certain place, and there was evidence that she had sexual intercourse with other men in the same month, it was error to refuse to permit the defendant to introduce evidence that he was not at said place on said night, but was at another place.

From the Hancock Circuit Court.

*H. J. Dunbar* and *J. A. New*, for appellant.

*W. R. Hough* and *A. W. Hough*, for appellee.

DOWNEY, C. J.—This was a prosecution by the appellee against the appellant for the support of two illegitimate children (twins) of which the relatrix had been delivered, the paternity of which she imputed to the defendant. In the circuit court, the cause was tried by a jury, and there was a verdict as follows: "We, the jury, find for the plaintiff."

A motion by the defendant for a new trial and also one in arrest of judgment were overruled, and there was final judgment charging the defendant with the support, etc., of the children. The complaint was sworn to before a notary public, and it is urged that this was unauthorized by law. We think there is nothing in this objection. Notaries have power to administer oaths in all matters where an oath is required. Acts 1861, p. 147, copied in 2 G. & H. 576.

On the trial, the relatrix testified most positively that the children were begotten at her house on the night of the 23d of December, 1872; that the defendant came to her house at that time and remained until ten o'clock at night; and that she could not be mistaken as to the time when the children were begotten. She testified that the children were born on the 15th day of September, 1873. She first told defendant of her condition in June, 1873. The defendant proposed to prove, by several competent witnesses, an *alibi* as to the night of the 23d of December, 1872, by showing that he was not at the house of the relatrix on that night, or during any part of it, but was at another place in company with the witnesses. It may be remarked that there was evidence that the relatrix, in the month of December, 1872, had sexual intercourse with several other men.

The court excluded the offered evidence, and the defendant excepted.

Counsel for the appellee urge, in support of this ruling, that the particular time when the children were begotten was immaterial, as the action was commenced within the limit fixed by the statute; that the material question was whether the defendant was the father of the children or not. It is true that the question is as stated; but we think the offered evidence had a bearing on that question. Possibly the jury found against the defendant on the ground of the positive statement of the relatrix as to the time when the children were begotten. Had the defendant been allowed to disprove the charge of consorting with the relatrix at the time fixed by her, it is possible that the jury might not have been able to say that he, rather than some other of her male associates, was the father of the children. The tendency of the evidence would certainly have been to weaken the evidence of the relatrix, to say the least of it.

There are other questions made and discussed in the case which are of a more doubtful character, and which we do not deem it necessary to decide.

The judgment is reversed, with costs, and the cause remanded for a new trial.