## THURSTON McGILL

### v.

## J. D. ROTHGEB.

*Sales—By Sample—Question of Fact—Verdict of Jury—Motion in Arrest of Judgment—Practice.*

1. A motion in arrest of judgment can only be made successfully with respect to objections appearing on the face of the record. The rule is the same with respect to actions commenced before a justice of the peace.

2. The fact that a jury returned a verdict in favor of the "plaintiffs" instead of "plaintiff," *held*, to have been merely a clerical error in the case presented.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Iroquois County; the Hon. C. R. STARR, Judge, presiding.

Mr. R. W. HILSCHER, for appellant.

Messrs. FREE P. MORRIS and F. L. HOOPER, for appellee.

MR. JUSTICE HARKER. Appellee recovered judgment in a suit brought by him for balance due for corn sold by sample and shipped to Philadelphia. Two grounds for a reversal are urged: First, that the verdict was against the evidence; second, that the court erred in overruling his motion in arrest of judgment on account of non-joinder of party plaintiff.

The only defense made upon the trial was that the corn shipped was not equal in quality to sample. It was the only controverted question submitted to the jury. The evidence was quite conflicting and was not such as to justify an interference with the verdict. The contract was made with J. D. Rothgeb and A. B. Rothgeb, his wife, composing the firm of J. D. Rothgeb & Co. We are not advised why the suit was brought in the name of J. D. Rothgeb alone. No advantage was sought for that reason, however, upon the trial, either by objection to evidence, motion for a non-suit, or by instruction. It was not assigned as one of the grounds for a new trial. The objection first appeared in the motion in arrest of judgment. It came too late. A motion in arrest can be made only with respect to objections appearing upon the face of the record. Stephens on Pleading, 126; 1 Chitty's Pleadings, 13; Jones v. People, etc., 53 Ill. 366. The rule is not different in suits commenced before a justice of the peace. That there was a non-joinder of party plaintiff appeared only when the evidence disclosed that the contract was made with J. D. Rothgeb & Co. It did not appear on the face of the record. The jury in their verdict found for the "plaintiffs" instead of for the plaintiff. The use of the word "plaintiffs" was a mere clerical error. The word referred to the plaintiff in the suit and was sufficient to authorize a judgment for plaintiff.

We see no error in the record.

*Judgment affirmed.*