LOUIS WATERLOO

*v.*

THE PEOPLE *ex rel.* Anna Schreiber.

*Opinion filed December 22, 1897.*

1. BASTARDY—*section 18 of Bastardy act limits complaining witness' right to compromise.* By section 18 of the Bastardy act (Laws of 1889, p. 61,) the right of a complaining witness to release the reputed father of the child from liability is limited to cases where the latter pays not less than $400, in the absence of written consent by the county judge to settle for a less amount.

2. SAME—*release of defendant by justice—how far State controls action.* No appeal is provided for in the Bastardy act from a judgment of a justice of the peace discharging a defendant, and, since the amendment of 1889, (Laws of 1889, p. 61,) the cause of action is, to a certain extent, controlled by the State.

3. SAME—*discharge of defendant by justice no bar to further proceedings.* The release by a justice of the peace of a defendant charged with bastardy is no bar to another examination before another justice of the peace on the same charge, nor to a trial by the proper court in response to the action of the latter justice in putting the defendant under bonds to appear for trial.

*Waterloo* v. *People,* 67 Ill. App. 320, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

J. H. FRENDENTHAL, for appellant:

The proceeding in bastardy is a civil and not a criminal proceeding, and is purely statutory. *State* v. *Braun,* 31 Wis. 600; *Rawlins* v. *People,* 102 Ill. 475; *Peak* v. *People,* 71 id. 278; *People* v. *Noxon,* 40 id. 30; *State* v. *Evans,* 19 Ind. 92; *Galvin* v. *State,* 53 id. 51; *McAndrews* v. *Madison County,* 67 Iowa, 54; *Lee* v. *People,* 140 Ill. 536.

The general statute authorizing an appeal to the circuit court from the judgment of any justice is applicable to bastardy proceedings, and the people may appeal in

such cases. *Galvin* v. *State*, 56 Ind. 51; *Reed* v. *State*, 66 id. 70; Work's Pr. sec. 1366.

When the defendant is discharged by a justice of the peace the plaintiff's step is to appeal. *State* v. *Braun*, 31 Wis. 600; *Galvin* v. *State*, 56 Ind. 51.

A statute is to be construed as changing the common law no further than its express terms declare. *Cadwallader* v. *Harris*, 76 Ill. 370; *Bank* v. *McCrea*, 106 id. 281.

A discharge by a justice of the peace of a person accused of bastardy, upon the ground that in his opinion sufficient cause does not appear for believing him guilty, under section 3 of the Bastardy act is a bar to further proceedings against him, under the same provisions of the statute, as the father of the same child. *State* v. *Braun*, 31 Wis. 600; *Galvin* v. *State*, 56 Ind. 51.

W. F. STRUCKMAN, for appellee:

Under the law in Illinois, is the complaining witness in a bastardy proceeding limited to one complaint in the justice court, and can she appeal from an adverse decision by the justice? The proceeding in bastardy is a purely statutory proceeding. It is not a suit at common law, neither is it criminal. *Lee* v. *People*, 140 Ill. 536.

The action is not *ex contractu*, nor does the foundation of the right of recovery bear any resemblance to a penalty. The object is not to punish for immorality or vice, or to impose a penalty for an unlawful act, but to provide a remedy for the enforcement of a legal obligation to support and maintain the bastard child. The procedure relates to the remedy, and not to the cause of action. *Scharf* v. *People*, 134 Ill. 240.

The money which the reputed father is required to pay for the support, maintenance and education of a bastard child is in no sense a debt, nor does the relation of debtor and creditor exist between the reputed father of a bastard child and the People, who prosecute to compel him to support his illegitimate child. *Rich* v. *People*, 66 Ill. 513.

A justice, upon a preliminary examination, may bind the defendant to the grand jury for a criminal offense, or discharge him. In neither case does an appeal lie, by either prosecution or defense, to the circuit, county or Superior Court. *Bulson* v. *People*, 31 Ill. 409; *In re McIntyre*, 5 Gilm. 422.

Mr. Chief Justice Phillips delivered the opinion of the court:

The relator, Annie Schreiber, made complaint against appellant, Louis Waterloo, under the provisions of the Bastardy act, before Max Eberhardt, a justice of the peace of Cook county, and upon the hearing the justice held sufficient cause was not shown to require appellant to enter into a bond to appear before the Criminal Court of Cook county, and he was discharged. Subsequently the relator made a similar complaint before Walter J. Gibbons, a justice of the peace of Cook county, against appellant, and under this last complaint appellant was required to enter into bond for his appearance before the Criminal Court of Cook county. The case being called for trial in the Criminal Court of Cook county and the evidence on the part of the prosecution heard, appellant offered in evidence the transcript of the case before Justice Max Eberhardt and offered to read the same, to which appellee objected and the objection was sustained, and to which ruling appellant excepted. The appellant was found guilty under conflicting evidence, and a motion to set aside the verdict and grant a new trial being overruled, judgment was rendered requiring the appellant to pay the sum of $550 and costs, the amount of the judgment payable in installments, as provided by the Bastardy act. To reverse that judgment an appeal was prosecuted to the Appellate Court for the First District, where it was affirmed. An appeal is prosecuted from that judgment of affirmance to this court, the Appellate Court having granted a certificate of importance.

The only question presented by this record is, whether, under the statute in relation to bastardy, where complaint is made before a·justice of the peace by an unmarried woman charging the defendant with being the father of her child, and such defendant is brought before the justice for examination as to the truth of the charge and upon hearing is discharged, such a discharge is a bar to a recovery on a hearing in the county court or in the Criminal Court of Cook county, where the same relator had afterward made an affidavit before another justice charging the same defendant with the same offense, and on the second charge and hearing the justice adjudged the defendant should be bound to appear before the court.

The statute concerning bastardy provides that upon complaint being made to a justice of the peace by an unmarried woman, etc., a warrant against the person charged with being the father of the child shall issue, and such reputed father shall be brought before the justice and an examination as to the truth of the charge shall be had, and if he shall be of opinion that sufficient cause appears he shall bind the person accused, in bond with security, to appear at the next term of the county court to be holden in such county to answer such charge, to which court the warrant and bond shall be returned, except that in the county of Cook said warrant and bond shall be returned to the Criminal Court of Cook county; and the court to which such warrant and bond are returned shall cause an issue to be made whether the person charged is the real father of the child or not, which issue shall be tried by a jury.

Whilst it has been held that a proceeding under this statute is, in effect, criminal in form but civil in its nature, yet the complaining witness (the relator) of right might compromise the cause of action. Whilst the right to compromise such cause of action existed in the complainant, the proceeding was of a civil character as between the complainant and the defendant. By an

amendment to the Bastardy act, approved June 3, 1889, and in force July 1, 1889, (Laws of 1889, p. 61,) it was provided: "The mother of a bastard child, before or after its birth, may release the reputed father of such child from all legal liability on account of such bastardy, upon such terms as may be consented to in writing by the judge of the county court of the county in which such mother resides: *Provided,* a release obtained from such mother in consideration of a payment to her of a sum of money less than four hundred dollars ($400), in the absence of the written consent of the county judge, shall not be a bar to a suit for bastardy against such father," etc. By this provision of the statute the full right of the prosecuting witness to compromise is prevented, and the character of the proceeding, as being criminal in form but civil in nature to the extent of authorizing a compromise to be made, is changed, and the interest of the State is represented by the requirement that no compromise or release shall be made by paying a sum less than $400. This prevents the suit from being absolutely and solely under the control of the relator or prosecuting witness. The proceeding is thus made more nearly criminal in form than it was before the passage of this act.

No provision is made in the Bastardy act for an appeal by the prosecuting witness from the judgment of a justice of the peace discharging a defendant, and however the rule might have been before the passage of the amendatory act of 1889, since the passage of that act the State controls the cause of action to a certain extent. The adjudication before the justice of the peace is not a finding of guilty or not guilty, but a finding as to whether there is probable cause to hold the defendant to bail for his appearance before a county court or the Criminal Court of Cook county, which courts alone can determine the merits and adjudge the question of the guilt or innocence of the defendant. In this respect, with reference to the question presented before the justice of the peace,

the proceeding is analogous to that of a person charged with a criminal offense, who, on being brought before a magistrate for a preliminary examination, has been there discharged, but who may again be arrested and taken before a different magistrate, and a hearing had on the same subject matter as to whether he should be held to bail. The adjudication of one justice discharging a defendant on a preliminary examination in a criminal case is no bar to an adjudication of another justice requiring him to enter into bail. (*In re McIntyre*, 5 Gilm. 422; *Bulson* v. *People*, 31 Ill. 409.) Neither is a discharge of a defendant in a bastardy proceeding a bar to another examination or hearing. In this case, the adjudication of Max Eberhardt in discharging the defendant was not a determination of his guilt or innocence, and the action of Justice Gibbons, on the similar complaint made by the prosecuting witness before him, requiring the defendant to enter into bail for his appearance before the Criminal Court of Cook county, was not an adjudication as to his guilt or innocence. That can only be determined by the court before whom the defendant was required to appear by the bond he entered into. The hearing before Justice Max Eberhardt was no bar to a trial before the Criminal Court of Cook county, where the defendant appeared in response to the bond required on the examination before Justice Gibbons.

There was no error in sustaining the objection to the introduction in evidence of the transcript of the case before Max Eberhardt, justice of the peace, and in refusing it to be read to the jury.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*