## John Jones v. The People of the State of Illinois, for the use of Anna Burlet.

1.   BASTARDY—*Satisfaction of Judgment in.*—The mother of a bas-
tard child has no power to satisfy a judgment rendered in proceedings
against the putative father for less sum than the amount of such judg-
ment without the consent of the county judge.   R. S., 1897, p. 205,
Sec. 18.

**Bastardy Proceedings.**—Motion to vacate satisfaction of judgment.
Appeal from the County Court of Peoria County; the Hon. ROBERT H.
LOVETT, Judge, presiding.   Heard in this court at the May term, 1898.
Affirmed.   Opinion filed September 26, 1898.

ELLWOOD & MEEK, attorneys for appellant.

JOHN DAILY, State's Attorney, and COVEY & COVEY, attor-
neys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.
Anton Thiers was arrested on a charge of bastardy on

the complaint of Anna Burlet. . At the May term, 1896, of the County Court of Peoria County, he was tried, found guilty, and a judgment rendered against him according to the usual practice in such cases for $550.

From this judgment he prayed and was granted an appeal to the Circuit Court of Peoria County, upon which appeal he gave bond in the sum of $700, with appellant and one Samuel Block as sureties thereon. At the October term, 1896, of the Circuit Court of Peoria County, this appeal was dismissed for want of jurisdiction. Suit was brought upon the appeal bond in the said County Court, and on September 18, 1897, a jury being waived, the cause was tried by the court and judgment rendered against the defendant therein, including appellant, for $700 debt and $160.20 damages, the judgment to be satisfied on payment of the damages, and it being expressed that such judgment was for the use of Anna Burlet.

From this judgment appellant prayed an appeal to this court, but before the appeal was entirely perfected, he made a settlement with said Anna Burlet, which was in writing, and whereby she agreed to accept and receive the sum of $125 in full satisfaction of the judgment. The money was paid by appellant, and said Anna Burlet assumed to execute a full satisfaction of the judgment and release appellant from all further liability. This was done October 11, 1897. On March 21, 1898, the state's attorney, on behalf of the people, entered a motion to set aside and vacate the satisfaction of said judgment entered on October 11, 1897, on the ground that the attempted satisfaction of said judgment and release of appellant was made by the mother of the bastard child, said Anna Burlet, for a less consideration than $400 and without the consent, written or otherwise, of the county judge. On a hearing of this motion by the County Court it was sustained, the satisfaction of the judgment was vacated, a credit of $125, and also of $5.80 costs paid by appellant, was allowed thereon, and execution awarded for the balance of the judgment remaining unpaid. From this order appellant prosecutes his appeal to this court.

There can be no question that the judgment which appellant endeavored to settle with Anna Burlet was valid and binding upon him until reversed, and the only question in the case is whether said Anna Burlet had the power to satisfy the same for $125. By the 18th section of the bastardy act, it is provided that, "the mother of a bastard child, before or after its birth, may release the reputed father of such child from all legal liability on account of such bastardy, upon such terms as may be consented to in writing by the judge of the County Court of the county in which such mother resides; provided, a release obtained from such mother, in consideration of a payment to her of a sum of money less than four hundred dollars ($400), in the absence of the written consent of the county judge, shall not be a bar to a suit for bastardy against such father; but if, after such release is obtained, suit be instituted against such father and the issue be found against him, he shall be entitled to a set-off for the amount so paid, and it shall be credited to him as of the first payment or payments. And, provided further, that such father may compromise all his legal liability on account of such bastard child with the mother thereof, without the written consent of the county judge, by paying to her any sum not less than $400." Rev. Stat. 1897, p. 205, Sec. 18.

While this case is not strictly within the letter of the statute referred to, we are of the opinion that within its spirit the mother had no power to make the settlement and satisfy the judgment as she attempted to do. It was the manifest intention of the legislature to prohibit the settlement of a bastardy proceeding for a less sum than $400, in order that the interests of the people of the State should be protected to at least that extent. Waterloo v. The People, 170 Ill. 488.

We think the order of the court in vacating the satisfaction of the judgment was right, and it will be affirmed.