### Stewart Mooney v. The People.

1. BASTARDY—*Discharge by a Justice of the Peace Does Not Bar Further Proceedings.*—A discharge by a justice of the peace of a defendant in a bastardy proceeding is not a bar to a further proceeding for the same cause.

2. SAME—*Binding Over the Defendant to the Circuit Court Equiva-*

*lent to a Discharge.*—When a justice of the peace, by mistake or inadvertence, binds over the defendant to the Circuit instead of to the County Court, such binding is a mere nullity, as the Circuit Court has no jurisdiction to try the cause, and is in legal effect a discharge of the defendant.

3.  PRACTICE—*In Bastardy Proceedings—Making up the Issue.*—It has never been the practice, under our statute, to require formal pleadings in bastardy cases, and where the court has before it the sworn complaint showing the complete character of the charge, and the record shows a plea of not guilty, it is sufficient.

4.  SAME—*Complaint in Bastardy—Verification.*—A complaint in a bastardy case, if adopted by a justice of the peace, may properly be sworn to before a notary public.

5.  SAME—*Issue in Bastardy Cases—How Made Up.*—Where a defendant in a bastardy case, when called upon to say whether he is guilty or not guilty, as complained against him, refuses to answer, the court may properly make up the issue by causing to be entered a plea of not guilty.

6.  SAME—*Waiver of Legal Rights by the Defendant.*—The defendant in a bastardy proceeding before the County Court may waive his legal rights to cross-examine the complainant's witnesses or to introduce evidence in his defense.

7.  VERDICT—*Cures Defects in the Complaint.*—It is too late, after the return of the verdict in a bastardy proceeding, for the defendant to object to the form of the complaint; defects of this nature are cured by the verdict.

**Bastardy Proceedings.**—Appeal from the County Court of McLean County; the Hon. ROLAND A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

LIVINGSTON & BACH, attorneys for appellant.

WELTY & STERLING, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

The case is against appellant according to the act concerning bastardy. August 25, 1900, Ida Hudson, an unmarried woman, complained on oath before a justice of the peace that she had been delivered of a child, deemed in law a bastard, and that appellant was the father of it. A warrant was issued for the arrest of appellant, in which the fact of such complaint, and the purport of it, was recited, and appellant was brought before the justice of the peace

and the cause continued until August 31, 1900, at 9 o'clock
A. M., and the defendant refusing to give a recognizance in
the sum of $900, as required, for his appearance at the time
and place of the continuance of the case, a mittimus was
issued and the defendant committed to the county jail. At
the time to which the case was continued the parties
appeared before the justice of the peace, the complainant
was examined, after having been duly sworn, touching the
charge, and after hearing all the evidence the justice of the
peace bound the defendant, in a bond of $900 with suffi-
cient security, to appear in the County Court as required
by statute, which, as the transcript shows, was given, with
Vinton Howell as surety, and the bond, transcript and
papers, transmitted to the County Court. At the next
term of the County Court the defendant appeared and filed
in the cause a special plea, in which it is stated, in sub-
stance, that February 19, 1900, on complaint of the same
Ida Hudson, and for the same cause, he was brought before
a justice of the peace, and by such justice bound over to
the Circuit Court of the County of McLean, and that the
cause was, at the time of filing such plea, still pending in
the said Circuit Court, wherefore he prayed the proceedings
in the said County Court to be quashed. The court refused
to rule the plaintiff to reply to such plea, to which defend-
ant excepted. The defendant then moved the court for a
judgment upon the plea, the same being unanswered, that
the proceedings be quashed, but the court overruled the
motion, to which defendant excepted, and the cause was
then continued on defendant's motion. At the next term
the court called the case for trial and the defendant then
objected to such trial because the court had not caused an
issue to be made up as the statute required, and because the
court had failed and refused to cause an issue to be made
up on the defendant's plea in abatement, and because the
court had no jurisdiction, and the plaintiff refused to join
issue, or dispose of the plea; but the court overruled the
various objections, to which defendant excepted. The
record recites that Friday, April 12, 1901, the parties came

again, and the defendant standing mute, the court entered a plea of not guilty. The defendant and his attorneys then withdrew from the case, and the court proceeded to the trial without them. A jury was selected and sworn, who heard the evidence of the prosecuting witness. The court gave opportunity to defendant to cross-examine, but he failed to avail himself of such privilege. The jury then returned a verdict of guilty against the defendant. The defendant then moved the court to set aside the order of the court by which, defendant standing mute, the court entered a plea of not guilty, but the court overruled the motion, to which defendant excepted. The defendant then filed a motion for a new trial, in which was assigned for reasons, a recapitulation of the various matters already re-. cited, but the court overruled the motion for a new trial. The defendant then moved in arrest of judgment, but the court overruled the motion, and gave judgment against appellant for the payment of $550, as provided by the. statute in cases of bastardy, from which the appellant brings this appeal to this court, and argues the proceedings and various rulings of the court we have already recited, as erroneous, whereby such reversal is sought.

The ruling of the court by which it refused appellant's motion to enter judgment upon the unanswered plea in abatement, so-called, while not precisely formal, was in legal effect an adjudication that the matters averred in the plea were ineffective as a defense, and disposed of such plea for every sufficient purpose of the case. The matters averred in the plea were not sufficient to abate the suit, nor were they any defense to the merits. The binding over to the Circuit Court was a mere nullity, as that court had no jurisdiction to try the cause, and such binding over was, in legal effect, a discharge of the defendant, for the recognizance given was also a nullity. It was held in· Waterloo v. People, 170 Ill. 488, that an adjudication before the justice of the peace is not a finding of guilty or not guilty, but a finding as to whether there is probable cause to hold the defendant to bail for his appearance

before the County Court, which alone can determine the merits, and adjudge the question of the guilt or innocence of the defendant. A discharge by a justice of the peace of a defendant in a bastardy proceeding is not a bar to another examination or hearing. Here, by the mistake or inadvertence of the justice of the peace, the defendant was bound over to the Circuit Court—a court having no jurisdiction of the case, which was equivalent to a discharge of him for the time being. The action of the justice of the peace in this respect was void, there being no law to authorize it. A void thing is nothing; and hence the defendant had not been bound over to answer the charge preferred against him; and it was proper, as it was done, to cause his arrest and bind him over to the proper court, notwithstanding the prior void proceeding. It was as if there had been no previous proceeding in the case. The court having, therefore, properly, although informally, disposed of the so-called plea in abatement, it was its duty, as required by the statute, to cause an issue to be made up, whether appellant, the person charged, was the real father of the child or not, and cause such issue to be tried by a jury. How, and in what manner shall the issue be made up? It has never been the practice, under this statute, to require formal pleading, and no case has been found establishing a different rule. It has been held, however, that where the court had before it the sworn complaint, which showed the complete character of the charge, and the record shows a plea of not guilty, this is sufficient. People v. Woodside, 72 Ill. 407. Whether the complaint be in writing (Jones v. People, 53 Ill. 366), or whether the sworn complaint be stated upon the docket of the justice of the peace or in the warrant for the arrest of the defendant, as appears in the record here, the County Court did have before it the sworn complaint of the prosecutrix, and it proceeded in the usual manner to make up an issue upon it, by requiring the defendant to say whether he was guilty or not guilty, as complained against him. He did not enter such plea, but the court ordered such plea to be entered,

Mooney v. The People.

and thus made up the issue to be tried. We think it was within the clear authority of the court to make up the issue in the way it did. The defendant could not, by failing to enter such plea, nor by withdrawing from the trial, deprive the court of its authority under the statute. The jury was regularly selected and sworn, the evidence introduced by the plaintiff, an opportunity afforded the defendant to cross-examine the witness, and to introduce evidence in defense, if he so desired. He saw proper to waive or decline these privileges. The jury returned a verdict against him upon evidence, uncontradicted in the record, that is sufficient to sustain the verdict. All of his motions, after the verdict was returned, including the motion for a new trial and in arrest of judgment, are without merit. Upon the motion in arrest of judgment, it is argued the complaint is defective, having, among other vices, been sworn to before a notary public. It is true, the complaint in the case was sworn to before a notary public, but that does not deprive it of the quality of a sworn complaint. The justice recites that a sworn complaint was made before him by the prosecutrix, and whether this refers to the affidavit made before the notary public, then presented to him, or whether it was a sworn complaint, is not material, for in either case it would be a complaint stated on the docket under oath, and that is all the statute requires. Besides all this, a motion in arrest of judgment is never proper, or allowable, except for intrinsic defect in the record; and as the complaint required by the statute may be stated on the docket of the justice, there was nothing before the court to which the motion could attach. The mother did make the complaint, and upon that the defendant was put upon trial and found guilty. Jones v. People, *supra*. Moreover, it was too late, after verdict, for appellant to object to the complaint upon any ground; for the verdict cures all the alleged defects of which complaint is made. Had objection been made in this respect in apt time, an opportunity for amendment would thus have been afforded, and the delay must be considered a waiver of the

objections urged upon the motion in arrest of judgment. It is also insisted in support of the motion in arrest of judgment that the justice of the peace failed to return the bond to the County Court. This is a misrepresentation. The justice in his transcript certifies that he sent it, and the additional record filed by the appellee, shows the presence of it in that court. It is true, the defendant first refused to give the recognizance as required by the justice of the peace, and was committed for such failure, and was released upon habeas corpus, after having executed the bond, which bond the justice of the peace adopted and transmitted, as stated before.

In an affidavit in support of some of his numerous motions after the verdict was returned, appellant states that he never had sexual intercourse with Ida Hudson; that he is over sixty years of age; that he is a widower, and had been married thirty-seven years, and was childless; that he is impotent, and has been for several years; that he has been examined by miscroscopic experts, the result of which showed impotency, and that he could not have been the father of the child. It may be possible that the verdict in this case is an injustice to appellant, but if it is, the result must be attributed to his own inattention to the suit. He was afforded an opportunity to make his defense, and by his own voluntary act declined to avail himself of it. Had he done so, and shown as much diligence in presenting such defense as he did in prosecuting ineffective motions, no doubt can be entertained that if his defense was a meritorious one he would have obtained all his rights demanded. At least, this court would be permitted to decide the cause upon its merits, when now, in the present condition of the record, we are, by the well settled practice, powerless to do so. If a matter has already been investigated in a court of justice, according to the common and ordinary rules of investigation, that is as much as the law accords. Rules are established, some by the legislature, some by the courts themselves, for the purpose of putting an end to litigation, and it is more important that an end should be put to liti-

gation, than that justice should be done in every case. The truth is that, owing to the inattention of parties, and several other causes, exact justice can seldom be done. Exchange Nat. Bank v. Darrow, 74 Ill. App. 170; same case, 177 Ill. 362. If injustice was done to appellant by the verdict of the jury and the judgment of the court in this case, it must be attributed to his own inattention to the common and ordinary rules of investigation, established in the courts of justice, to the end that their findings and final judgments may be permanent and conclusive upon the rights of the parties.

Finding no error in the record and proceedings of the County Court its judgment will affirmed.