Childress v. The People.

---

## J. W. Childress v. The People ex rel., etc.

1. INSTRUCTIONS—*Stating Weight to be Given to Testimony of Witnesses.*—An instruction in a bastardy proceeding which states that the mother of the bastard child is most likely to know who its father is, and when it was begotten, and that whether her testimony is entitled to greater weight depends upon the degree of fidelity with which she adheres to the truth, and that this may be determined from all the evidence in the case, is vicious and misleading. The jury should be left free to determine what is the proper weight to be given to the testimony of each witness in each particular case.

Bastardy Proceedings.—Appeal from the County Court of Lawrence County; the Hon. J. D. MADDING, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded. Opinion filed September 11, 1902.

HUFFMAN & MESERVE, attorneys for appellant.

GEORGE W. LACKEY, state's attorney, and GEE & BARNES, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a proceeding under the bastardy act, on relation of Francis Pearl Snyder, charging appellant with the paternity of her bastard child. Trial in the County Court of Lawrence County. Verdict finding appellant guilty. Judgment on the verdict.

The issue of fact was sharply contested and the testimony was directly conflicting. The relatrix testified that appellant was the father of her child; that he commenced having sexual intercourse with her the first of December, 1900,

and kept it up to the first of the following August, and that her child was born November 2, 1901. Appellant testified that he was not the father of relatrix's child, and that he had never at any time had sexual intercourse with her. While the testimony of other witnesses discloses some corroborating facts and circumstances *pro* and *con*, the testimony of relatrix and appellant was the only direct evidence as to sexual intercourse between them. The state of evidence was such as might have warranted the jury in finding appellant guilty, if they believed from the evidence, when tested by proper rules, that he did have sexual intercourse with relatrix, as she testified, and it goes without saying that they could not, under any circumstances, be warranted in finding him guilty if they believed from the evidence that he had never at any time had sexual intercourse with her, as he testified. The case having gone to the jury in this state of evidence, the court, at the instance of appellee, gave the following instruction:

"Second. This prosecution is a mere civil proceeding, and both parties are entitled to testify, and the mother of the bastard child is most likely to know who its father is, and when it was begotten, and whether her testimony is entitled to greater weight depends upon the degree of fidelity with which she adheres to the truth, and this may be determined from all evidence in the case. And in this case, if you believe from a preponderance of the evidence that Pearl Snyder is an unmarried woman, and has been delivered of a bastard child, and that the defendant had sexual intercourse with her at the time the said child was begotten, then the jury would be warranted in finding him to be the father of the child, although he may have testified that he did not, if the facts and circumstances proved on the trial lead you to believe that he did have intercourse with the said Pearl Snyder, and begot the child."

This instruction is vicious and misleading, and especially so when applied to such state of evidence as this record discloses. An instruction, in substance the same as this, was condemned in Heindselman v. The People, 52 Ill. App. 542. In Jones v. The People, 53 Ill. 366, cited and relied

on by counsel for appellee, no such instruction was involved, and the court did not lay it down as law to be given to a jury as a rule to govern them in weighing evidence, that "the mother of a child is most likely to know who its father is." The court only, in substance, said, by way of answering the argument of appellee's counsel as to a question of fact, "although, etc." The jury should be left free to determine what is the proper weight to be given to the testimony of each witness in each particular case.

The evidence in this case is so conflicting and contradictory as to bring the case within that class which requires that to sustain a verdict in favor of the successful party, the instructions given on his behalf must be substantially correct and free from any error that might mislead the jury. The instruction complained of here does not meet these requirements.

The judgment of the County Court is reversed and the cause is remanded.