JANET SCRUTON, Respondent, v. ANTHONY DZIEWISZ, Appellant.

Third Department, June 18, 1954.

*Arthur B. Hart* for appellant.

*Elihu Chase* for respondent.

HALPERN, J. The respondent in a filiation proceeding appeals from an order of the Children's Court, denying his motion to vacate the complaint upon the ground that the complaint had been verified before a notary public and not before the Children's Court Judge.

Subdivision 4 of section 122 of the Domestic Relations Law reads as follows: '' The complaint shall be in writing, or oral

and in the presence of the complainant reduced to writing by the judge or the clerk of the court. It shall be verified by oath or affirmation of complainant."

It will be noted that, under the terms of the statute, the complaint must be reduced to writing by the judge or clerk in the presence of the complainant only if the complaint is an oral one. If the complaint is in writing, the statute contemplates that it may be presented to the court in completed form; it may be prepared in advance and need not be written out by the judge or clerk.

There is no express requirement in the statute that the oath for the verification be administered by the judge or clerk. If the complaint is one prepared in advance, to be presented to the court as a completed document, it presumably will be verified before a notary public or commissioner of deeds at the time of its execution.

Section 135 of the Executive Law provides in part that " Every notary public duly qualified is hereby authorized and empowered within and throughout the state to administer oaths and affirmations ".

The objection raised by the appellant thus appears to be without any substance. The point would hardly be worth discussing, if it were not for a statement in a standard work written by a well-known specialist, which is quoted and relied upon by the appellant. Sidney B. Schatkin in " Disputed Paternity Proceedings " (3d ed.) states at page 73: " The words ' oath or affirmation ' refer clearly to an oath or affirmation before a court or judge. Those words do not include an acknowledgement [sic] before a notary public. Consequently, before the court will issue a summons or bench warrant the mother must appear before the court or judge for the ' oath or affirmation ' referred to in the statute."

Insofar as this view is based upon a construction of the words " oath or affirmation ", there appears to be no basis for it either in the statutory or case law.

However, immediately after the quoted statement, at pages 73–74, there follows a reference to, and extensive quotation from, *People* v. *Gade* (6 N. Y. S. 2d 1018) which holds that under section 148 of the Code of Criminal Procedure, the information and the supporting affidavits in a criminal prosecution must be sworn to before a magistrate. It may be inferred from the citation of this case that Mr. Schatkin intends to suggest that section 148 of the Code of Criminal Procedure is applicable, at least by analogy, to a filiation proceeding. But it was settled

long ago when filiation proceedings were governed by sections 838 to 860 of the Code of Criminal Procedure that section 148 of the Code had no application to such proceedings (*Simis* v. *Alwang,* 61 App. Div. 426). A fortiori, now that filiation proceedings are governed by sections 119 to 139 of the Domestic Relations Law (L. 1925, ch. 255), section 148 of the Code of Criminal Procedure has no application.

The procedure for the institution of a filiation proceeding is specifically set forth in the Domestic Relations Law and, for New York City, in the New York City Criminal Courts Act (§§ 60-79), and these special statutes are controlling to the exclusion of any other statute. Section 139 of the Domestic Relations Law provides as follows: "All provisions of the penal law or of the code of criminal procedure or other statutes inconsistent with or repugnant to the provisions of this article shall be considered inapplicable to the cases arising under this article" (see, also, New York City Criminal Courts Act, § 78).

It may be argued that before any proceeding which may result in the imprisonment of the defendant is instituted, a judge should examine the merits of the complaint. But even if this view is accepted, it does not necessarily follow that the complaint must be verified before a judge. An opportunity for an examination of the merits by a judicial officer prior to the issuance of process may be provided in other ways. After the complaint is filed, the judge may, if he so desires, insist upon the personal appearance of the complaining witness and examine her under oath, before authorizing the issuance of a summons or warrant. This is a matter of administrative practice wholly within the control of the judge. We are concerned here only with the form of the complaint and the nature of the verification.

It should be noted that Mr. Schatkin, in the quoted statement, referred only to proceedings instituted in the City of New York under the New York City Criminal Courts Act. (See § 64, subd. 2 of that act which provides in language identical with that of Domestic Relations Law, § 122 that the complaint "shall be verified by the oath or affirmation of the complainant".) A stronger argument can be made for Mr. Schatkin's view, with respect to proceedings instituted under the New York City Criminal Courts Act, than with respect to proceedings instituted in the upstate counties under the Children's Court Act. A filiation proceeding instituted in a Court of Special Sessions under the New York City Criminal Courts Act is criminal in character (*Feyler* v. *Mortimer,* 299 N. Y. 309) whereas a filiation

proceeding instituted in a Children's Court is a civil proceeding (*Matter of Clausi,* 296 N. Y. 354; *Matter of Bancroft,* 276 App. Div. 485). But we are informed that, even in the city of New York, it is the customary practice for the court to receive complaints verified before a notary public. A fortiori, this is permissible practice in proceedings in the Children's Court in upstate counties, in view of their civil nature.

An additional difficulty arises. in the application of Mr. Schatkin's view where the complaint is made by a commissioner of public welfare in accordance with the authority granted by the statute. Obviously, the commissioner or his deputy is not required to appear before the judge personally to verify the complaint. Mr. Schatkin attempts to solve this difficulty by providing in his standard forms that the complaint may be verified by the commissioner or a deputy commissioner before a notary public or commissioner of deeds but that an additional affidavit must be sworn to by the mother before a justice of the Court of Special Sessions (op. cit., pp. 699-700). We can find no statutory basis for the requirement of the additional affidavit as part of the complaint.

Where the question has arisen in other States under statutes similar to those of New York, it has been held that the verification of the complaint before a notary public is sufficient (*Mooney* v. *People,* 96 Ill. App. 622; *Sample* v. *State ex rel. Brooks,* 53 Ind. 28).

The Children's Court Judge correctly denied the motion in this case to vacate the complaint. The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Order affirmed, without costs.