Benjamin Gassman, J.
The complainant filed a complaint in this court, charging the defendant with being the father of her female child, born on the 26th day of August, 1959, in Chicago, Illinois. In the complaint, she alleges that both she and the child are residents of the City of Chicago, State of Illinois. The complaint is verified by her on October 30, 1959. The venue of the verification reads: ‘ ‘ State of Illinois, County of Cook ”. The jurat reads: “ Subscribed and sworn to before me this 30th day of October, 1959. S. J. Be Hannesy, Notary Public ’ ’.
Based on the said complaint, a warrant for the arrest of the defendant was ordered to be issued by a Justice of this court, on November 5, 1959. Defendant, appearing specially, now moves to dismiss the proceeding on the folio-wing grounds: (1) that the complaint should have been verified by the complainant before a Justice of this court, and (2) that if it be held that the complaint can be verified before a notary public, that *613 the verification having been taken in the State of Illinois, should have attached thereto a certificate as to the notary’s official character and the genuineness of his signature, and that without such certificate, the complaint is a nullity.
In support of the first ground, defendant cites Schatkin, Disputed Paternity Proceedings (3d ed., p. 73). I do not so view the law. Section 64 of the New York City Criminal Courts Act, dealing with paternity proceedings, states: ‘ ‘ The complaint instituting any proceeding shall * * * charge
the person named as defendant with being the father of the child. It shall be verified by the oath or affirmation of the complainant ’ ’. There is no express requirement in that statute that the oath for the verification be administered by a Justice of this court. Hence it may be verified before any person authorized to administer oaths. In New York State, “ every notary public duly qualified is hereby authorized and empowered within and throughout the State to administer oaths and affirmations ” (Executive Law, § 135) and therefore, had the complainant verified her complaint before a notary public in this State, it would have sufficient compliance with the law. (Scruton v. Dziewisz, 284 App. Div. 276) wherein the Appellate Division, Third Department, said that “ in the city of New York, it is the customary practice for the court to receive complaints (in paternity proceedings) verified before a notary public”. The objection on the first ground is therefore overruled.
However, the absence of a certificate of the notary public’s official character and the genuineness of his signature presents a valid objection. As stated, the complaint was verified before a notary public in the State of Illinois, and there is no certificate attached, as required by section 359 of the Civil Practice Act. That section provides: 11 An oath or affidavit required, or which may be received, in an action, special proceeding, or other matter, may be taken without the state, * * * before an officer authorized by the laws of the state to take and certify the acknowledgement and proof of deeds to be recorded in the state; and, when certified by him to have been taken before him, and accompanied, with the like certificates as to his official character and the genuineness of his signature * * * may be used, as if taken and certified in this state, by an officer authorized by law to take and certify the same ”. (Emphasis sunpplied.) Without such authenticating certificate, the complaint herein could not be used as a basis for the issuance of the warrant against the defendant.
Accordingly, the motion is granted, the warrant is vacated, and this proceeding is dismissed without prejudice.